# EXHIBIT C

## REPRESENTATION CERTIFICATE

The undersigned Tenant's Development II Corporation (the "Development General Partner"), as general partner of Tenant's Development II, Limited Partnership (referred to herein as the "Development Partnership"), for good and valuable consideration, the adequacy and sufficiency of which are admitted, hereby represents, warrants and covenants as set forth herein for the benefit of AMTAX Holdings 227, LLC an Ohio limited partnership (the "Investment Partnership")_____, general partner of the Investment Partnership (the "Investment General Partner"), and Bronson & Migliaccio, LLP, legal counsel to the Investment Partnership and the Investment General Partner ("Counsel"). The representations contained herein will be relied upon by the Investment Partnership and the Investment General Partner in connection with (i) the acquisition by the Investment Partnership of the sole limited partner interest in, and the contribution of capital by the Investment Partnership to, the Development Partnership, and (ii) the offer and sale of limited partner interests in the Investment Partnership (the "Offering"). The representations contained herein will be relied upon by Counsel in rendering its opinion on certain material tax and other matters (the "Opinion"), evaluating the accuracy and completeness of the disclosures of material information in connection with the Offering and to the Development Partnership.

All capitalized terms not otherwise defined herein shall have the same meaning given to them in the Development Partnership's Amended and Restated Agreement of Limited Partnership dated as June 20, 2003 (the "Partnership Agreement").

The undersigned acknowledges and agrees that each of the following representations constitutes a material representation to be relied upon by the Investment Partnership and the Investment General Partner in respect of the Development Partnership and the Offering, and by Counsel in rendering its Opinion and that all such representations, covenants, and warranties will survive, and not be merged into, the Partnership Agreement. The undersigned hereby represents that it is the Development General Partner and that it has knowledge of the matters referenced herein.

The undersigned hereby represents, warrants and covenants, for the benefit of the Investment Partnership, the Investment General Partner and Counsel as follows:

A.    With respect to the Development Partnership:

(1)    The Development Partnership is a limited partnership duly formed and validly existing as a limited partnership pursuant to the Massachusetts Revised Uniform Limited Partnership Act. A copy of its Limited Partnership Certificate, and amendments thereto, and a Certificate of Legal

GSDOCS-1170031-2

Existence from the Secretary of State are attached hereto as **SCHEDULE A**.

(2)    The Development General Partner is a duly formed and validly existing Massachusetts corporation and has full power and legal authority to enter into and perform the terms of the Partnership Agreement and the obligations in connection with the Tax Credits and to take any and all actions under the Partnership Agreement. A Certificate of Good Standing, certified copy of the Articles of Incorporation of the Development General Partner and a corporate resolution authorizing the transactions are attached hereto as **SCHEDULE B**.    In connection with the transactions contemplated thereby, the Development General Partner has obtained all requisite consents and approvals with respect thereto, the Partnership Agreement has been duly executed by the Development General Partner, and the Partnership Agreement is valid and binding on the Development General Partner subject only to the Investment Partnership's due execution thereof as limited partner.

(3)    Upon the Investment Partnership's due execution of the Partnership Agreement and the filing of an amended certificate of limited partnership in the appropriate public office(s) if necessary, the Investment Partnership will be admitted as the sole limited partner of the Development Partnership. The limited partner interest in the Development Partnership to be acquired by the Investment Partnership will be validly issued, and will be acquired free and clear of any charge, lien or encumbrance except as specifically set forth in the Partnership Agreement.

(4)    The Development General Partner will at all times use its best efforts to do or cause to be done all things necessary or proper within its power or control to protect the rights] of the Investment Partnership as a limited partner of the Development Partnership, provided this obligation creates no additional obligation to advance additional funds, except as provided in the Partnership Agreement.

(5)    The Development Partnership will at all times during the term of its existence be operated in accordance with the terms of (a) the Partnership Agreement, (b) all other agreements and documents executed in furtherance of or in connection with the Partnership Agreement, (c) the Massachusetts Revised Uniform Limited Partnership Act, and (d) all other applicable law.

GSDOCS-1170031-2

(6)     The Development Partnership will at all times during the term of its existence carry on and conduct its business as an activity engaged in for profit. The Development Partnership will not elect out of treatment as a partnership under Subchapter K of the Code nor take any action inconsistent with its classification as a partnership for tax purposes.

(7)     The sole activity of the Development Partnership will be the acquisition, rehabilitation, operation and management of its property as a low-income housing project (the "Property") plus any other activity provided for in Section 2.3 of the Partnership Agreement.

(8)     The Developing General Partner is not insolvent as defined either in the Uniform Fraudulent Transfer Act or any other fraudulent conveyance law that may be applicable under the laws of the State. A copy of the two prior years Federal and State tax returns for the Partnership, are attached hereto as **SCHEDULE C**.

(9)     The Development Partnership has good and marketable title to the real and personal property constituting the Property, and the Development Partnership has obtained a policy of title insurance for its value with respect to the appraised value and partner's equity thereof. A copy of the title policy for the Property along with the Deed for the Property is attached hereto as **SCHEDULE D**.

(10)    The construction of the Property will comply with all requirements of the construction lender and State Credit Agency and with all applicable building and safety code requirements and will be of good quality and at least equivalent to the quality of construction of comparable projects. The Development Partnership will maintain policies of fire, liability and casualty insurance on the Property in such amounts, and against such losses and risks, as are generally maintained for comparable properties in consideration of the total amounts invested in the Property unless otherwise specified in the Partnership Agreement.

(11)    The Development General Partner does not intend nor does it anticipate that any creditor of the Development Partnership that has made or may make a nonrecourse loan to the Development Partnership will have or acquire at any time, as a result of the making of such loan, any direct or indirect interest in the profits, capital or property of the Development Partnership, other than as a secured creditor of the Development Partnership.

-3-

(12)    No Partner has or will have any personal liability with respect to the Permanent Mortgage Loan or any permanent mortgage indebtedness with respect to the Property except for those standard non-recourse carve-out provisions set forth in the Loan Documents..

(13)    No event of involuntary withdrawal has occurred within the past 10 years, or is contemplated, threatened or pending, with respect to the Development General Partner or any Affiliate.

(14)    (i) No litigation, investigation, tax audit or proceeding against the Development Partnership or the Development General Partner or Affiliates thereof (nor any other litigation, investigation or proceeding directly affecting the Property) is pending or, to the knowledge of the Development General Partner, threatened before any court, administrative agency or other governmental authority which would, if adversely determined, have a material adverse effect on the Development Partnership or the Property or adversely affect the ability of the Development General Partner or any Affiliate to perform their respective obligations with respect thereto.

(ii) All litigation, investigations, tax audits, judgments, orders or other proceedings in which the Development Partnership or Development General Partner are defendants, or involving the Property, or in which counterclaims have been asserted against them, or involving the Property, civil, penal or administrative, are listed on **SCHEDULE E** attached hereto.

(iii) The UCC, tax, lien, judgment and litigation searches for the Development Partnership and the Development General Partner attached hereto as **SCHEDULE F** have been completed in all relevant jurisdictions.

(iv) To the best of the knowledge of the Development General Partner, neither this Representation Certificate nor the representations and warranties by the Development General Partner contained herein or in any documents, instruments, certificates or schedules furnished pursuant hereto in connection with the transaction contemplated hereby contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements or facts contained herein and

-4-

GSDOCS-1170031-2

therein not misleading. To the best of the knowledge of the Development General Partner, there is no fact which materially adversely affects, or in the future may adversely affect, the businesses, operation, affairs, conditions or prospects of the assets or the business of the Partnership which has not been set forth in this Representation Certificate or in the documents, instruments, certificates or schedules furnished pursuant hereto or concurrently herewith.

(15)   No default by the Development General Partner, any Affiliate thereof having any relationship with the Property, or the Development Partnership, in any material respect has occurred or is continuing (nor has there occurred any event which, with the giving of notice or the passage of time or both, would constitute such a default in any material respect) under any material contract to which the Development Partnership or the Property is subject, and all such contracts are in full force and effect. The Development Partnership and the Development General Partner are solvent and are not subject to any proceedings in bankruptcy, insolvency or assignment for the benefit or creditors, nor are they in dissolution, liquidation or reorganization.

(16)   (i) The development of the Property shall be completed pursuant to the Partnership and State Credit Agency approved budget plans, specifications and other construction documents related thereto; there is no material violation by the Development Partnership or the Development General Partner of any zoning, environmental or similar regulation applicable to the Property which would have a material adverse effect thereon and the Development Partnership has complied and intends to comply with all applicable municipal and other laws, ordinances and regulations relating to the development and operation of the Property.

(ii) In connection with the admission of the Investment Partnership as a limited partner in the Development Partnership, no brokers, finders or agents have been retained or employed in connection therewith.

(17)   All accounts of the Development Partnership required to be maintained under the terms of the Permanent Mortgage Loan, including, but not limited to, any account for replacement reserves, will be funded to the levels required by the Permanent Lender.

GSDOCS-1170031-2

(18)    (i) The Development General Partner reasonably believes to the best of its knowledge and based on information from the Accountants, that the proposed treatment of the Development Partnership's Property for cost recovery purposes and low-income housing credit purposes under the Code, including the allocation of costs between recoverable and nonrecoverable property, the allocation of Tax Credit between the General Partner and Limited Partner, the characterization of recoverable property as real or personal and the inclusion of certain capitalized fees and other expenses in the recoverable basis of such Property or as chargeable to the capital account of its Property, and the allocations of profit, loss, income and expense, is proper and is supported by the facts.

(ii) The Development General Partner shall indemnify and hold harmless the Investment Partnership from any tax deficiencies, penalties, damages or costs incurred by the Development Partnership or causing a loss of cash flow to the Investment Partnership arising from a tax audit, tax assessment, adjustment or amendment to a Development Partnership tax return, for any period prior to the tax year of admission to the Development Partnership of the Investment Partnership.

(19)    The Development General Partner shall at all times use its best efforts to assure that the Development Partnership shall provide tax information, specifically including Schedule K-1, to the Investment Partnership timely, as set forth in the Partnership Agreement.

B.    With respect to the Tax Credit:

(20)    The Development General Partner shall maintain the Property as a "qualified low-income housing project" within the meaning of section 42(g) of the Internal Revenue Code of 1986, as amended (the "Code") during the "compliance period" as defined in section 42(i)(1) of the Code (the "Compliance Period"), and the "extended use period" as defined in section 42(h)(6) of the Code, including the set aside requirements of units in the Property for certain income targets as set forth in section 42(g)(1) of the Code and the rent restrictions set forth in section 42(g)(2) of the Code and in accordance with the Section 42(m)(2)(D) feasibility determination.

(21)    The Development General Partner shall at all times use its best efforts to do or cause to be done all things necessary to obtain and retain tenants

GSDOCS-1170031-2

who satisfy the requirements necessary to qualify the Property to receive the Tax Credit.

(22)   The Development General Partner shall qualify all of the apartment units needed to satisfy the Tax Credit requirement during the Compliance Period.

(23)   The Development General Partner intends and will exercise its best efforts to assure that the Tax Credit will be available for all Low Income Units in the Property for each of the ten (10) years permitted by the Code.

(24)   The Development General Partner intends and will exercise its best efforts to assure that, during the fifteen (15) year Compliance Period, the Property will remain in compliance with applicable requirements to avoid recapture of any Tax Credit.

(25)   The Development Partnership has obtained from the Agency a reservation of Tax Credit in the aggregate amount of $1,709,778 per year, and that such reservation is in full force and effect. A copy of the reservation documents are attached hereto as **SCHEDULE G**.

(26)   The Development General Partner will exercise its best efforts to insure that 50% or more of the aggregate basis of the building and the land on which it is situated are financed with a loan that is funded with the proceeds of bonds that are tax exempt and that principal payments made with respect to the loan amount from the tax-exempt bonds are applied within a reasonable period to redeem the bonds, the proceeds of which were used to provide the loan amount of Tax Credit otherwise allowable to the Partnership.

C.   With respect to the letter of Paramount Financial Group, Inc., or an Affiliate dated <u>August 23,</u> 2002 and executed by the Development General Partner, or an Affiliate on <u>August 27,</u> 2002 (the "Investment Letter").

(27)   All representations and warranties of the Development General Partner and the Development Partnership therein contained, except as modified, changed, altered or deleted, in writing, are in all material respects true and correct to the same extent as if made on and as of this date. All representations and warranties of the Development General Partner

-7-

contained in the Partnership Agreement are true and correct to the same extent as if made on and as of this date.

(28)    All conditions to the obligations of the Investment Partnership thereunder and under the Partnership Agreement to the payment of the initial capital contribution by the Investment Partnership have been satisfied.

(29)    All obligations of the Development General Partner or the Partnership required to be performed at or prior to the Closing Date thereunder and of the payment of its capital contribution under the Partnership Agreement have been performed.

D.    With respect to the Development General Partner and all corporate Affiliates thereof:

(33)    Within the past ten years, no such person has been the subject of a bankruptcy, insolvency, receivership, or similar proceeding.

(34)    Within the past ten years, no such person has been convicted in any criminal proceeding (other than minor traffic violations).

(35)    Within the past ten years, no such person has been convicted of any felony or misdemeanor regarding securities transactions, S.E.C. or other securities regulatory filings or securities industry activities.

(36)    Within the past ten years, no such person has been the subject of any order of any court enjoining or restraining the Development General Partners from engaging or continuing in any conduct in connection with securities regulatory filings or securities industry activities.

(37)    No such person has been the subject of any S.E.C., state securities regulatory authority, N.A.S.D., or U.S. Postal Service investigation, proceeding, hearing or order.

(38)    No such person has been suspended or expelled from any securities exchange or barred from association with any member thereof.

In addition to its reliance upon the foregoing representations, for purposes of rendering its Tax Opinion and other opinions, Counsel may assume the following:

GSDOCS-1170031-2

(a)     The originals or copies of each of the documents provided to Counsel are authentic or accurate, as the case may be, and if presented in draft form, will conform to the final documents as executed.

(b)     No action will be taken by the Development General Partner, the Development Partnership or any other parties with respect to the transactions described herein which would have the effect of materially altering the facts upon which an investment in the Development Partnership is made.

(c)     The Development General Partner shall, upon request, perform any and all acts and execute and deliver any and all certificates, instruments and other documents that may be reasonably necessary or appropriate to carry out any of the terms, conditions and provisions hereof or to carry out the intent of this Representation Certificate.

In the event any one or more of the provisions contained in this Representation Certificate should be found to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected or impaired thereby, and this Representation Certificate shall be interpreted and construed as if such provision, to the extent the same shall have been held invalid, illegal, or unenforceable, had never been contained herein.

GSDOCS-1170031-2

IN WITNESS WHEREOF, the undersigned has executed this Representation Certificate as of the date set forth below:

Dated: June 20, 2003

Tenant's Development II, Limited Partnership

By:   Tenant's Development II Corporation

By: _Mary ClinKscales_
Name: Mary Clinkscales
Its President

STATE OF   Massachusetts   )
                                             : ss.:
COUNTY OF   Suffolk   )

On this 20 day of June, 2003, before me personally came Mary Clinkscales, to me known, who, being by me duly sworn, did depose and say that she is President of Tenant's Development II Corporation, the corporation described in and which executed the foregoing instrument; and that she signed her name thereto by order of the board of directors.

_William Frye_
Notary Public   William H. Grogan
                            1/12/2007

-10-

GSDocs-1170031-2

## SCHEDULE A

to the Representation Certificate

A.     Development Partnership Certificate of Limited Partnership.

B.     Copies of Certificate of Limited Partnership of the Development Partnership.

C.     Certificate of Legal Existence for the Development Partnership.

GSDOCS-1170031-2

# *The Commonwealth of Massachusetts*

## *Secretary of the Commonwealth*

### *State House, Boston, Massachusetts 02133*

**William Francis Galvin**
**Secretary of the**
**Commonwealth**

**July 1, 2003**

To Whom it May Concern:

I hereby certify that according to the records in this office, a Certificate of Formation of Limited Partnership was filed in this office by

**TENANTS' DEVELOPMENT II, LIMITED PARTNERSHIP**

in accordance with the provisions of Massachusetts General Laws, Chapter 109, on **April 16, 2002.**

I hereby certify that said Limited Partnership has not filed a Certificate of Cancellation to date.



In testimony of which,

I have hereunto affixed the

Great Seal of the Commonwealth

on the date first above written.

*William Francis Galvin*

Secretary of the Commonwealth

APR. 11. 2002 11:45AM    GOULSTON & STORRS                    NO. 8586    P. 3

**FILED**

APR 1 6 2002

SECRETARY OF THE COMMONWEALTH
CORPORATIONS DIVISION

# CERTIFICATE OF LIMITED PARTNERSHIP
## OF
## TENANTS' DEVELOPMENT II, LIMITED PARTNERSHIP

Pursuant to the provisions of the Massachusetts Uniform Limited Partnership Act (the "Act"), the undersigned hereby agree, certify, and swear to this Certificate of Limited Partnership, as follows:

1.    <u>Name of Partnership</u>. The name of the limited partnership is Tenants' Development II, Limited Partnership (the "Partnership").

2.    <u>Business of Partnership</u>. The character of the business of the Partnership and its purpose are to acquire, own, develop, construct, rehabilitate, renovate, improve, maintain, finance, manage, operate, lease, sell, convey, assign, mortgage or otherwise deal with real property and to engage in any and all activities related thereto.

3.    <u>Office of the Partnership; Agent for Service of Process</u>. The office of the Partnership for purposes of Section 4(1) of the Act (and the office at which its records are maintained for purposes of Section 5(a) of the Act) is c/o The Dawson-Longley Apartments, 400 Massachusetts Avenue, Boston, MA 021154905. The name and address of the Partnership's agent for service of process in Massachusetts is Tenants' Development Corporation, c/o The Dawson-Longley Apartments, 400 Massachusetts Avenue, Boston, MA 02115-4905.

4.    <u>General Partner's Name and Business Address</u>. The name and business address of the general partner of the Partnership are:

Tenants' Development II Corporation
c/o The Dawson-Longley Apartments
400 Massachusetts Avenue
Boston, MA 02115-4905

5.    <u>Date of Dissolution of the Partnership</u>. The latest date on which the Partnership is to dissolve is April 1, 2052.

IN WITNESS WHEREOF, the undersigned, being the sole general partner of the Partnership, have signed and sworn to this Certificate of Limited Partnership under the penalties of perjury as of this _11_ day of April, 2002.

Tenants' Development II Corporation

By: _Nathaniel M. Geer, Clerk_
Nathaniel M. Geer, Clerk

-1-

## <u>SCHEDULE B</u>

to the Representation Certificate

A.    Certificate of Good Standing for the Development General Partner.

B.    Certified copies of the Articles of Incorporation of the Development General Partner and amendments.

C.    Corporate resolution of the Development General Partner.

GSDOCS-1170031-2



**Examiner**

**Name Approved**

# The Commonwealth of Massachusetts
### William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## ARTICLES OF ORGANIZATION
### (General Laws, Chapter 156B)

#### ARTICLE I
The exact name of the corporation is:

Tenants' Development II Corporation

#### ARTICLE II
The purpose of the corporation is to engage in the following business activities:

To acquire, own, develop, construct, rehabilitate, renovate, improve, maintain, finance, manage, operate, lease, sell, convey, assign, mortgage or otherwise deal with real property, either directly or through limited liability companies or other entities permitted to do so under applicable law of the Commonwealth of Massachusetts.

To engage in and carry on any business activities permitted to a corporation organized under Chapter 156B of the Massachusetts General Laws, as from time to time amended, whether or not such activities are related to those referred to in the preceding paragraph.

C
P
M
R.A.

*Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on one side only of separate 8 1/2 x 11 sheets of paper with a left margin of at least 1 inch. Additions to more than one article may be made on a single sheet so long as each article requiring each addition is clearly indicated.*

P.C.

## ARTICLE III

State the total number of shares and par value, if any, of each class of stock which the corporation is authorized to issue.

| WITHOUT PAR VALUE | | WITH PAR VALUE | | |
|---|---|---|---|---|
| TYPE | NUMBER OF SHARES | . TYPE | NUMBER OF SHARES | PAR VALUE |
| Common: | | Common: | 200,000 | $.01 |
| | | | | |
| Preferred: | | Preferred: | | |
| | | | | |

## ARTICLE IV

If more than one class of stock is authorized, state a distinguishing designation for each class. Prior to the issuance of any shares of a class, if shares of another class are outstanding, the corporation must provide a description of the preferences, voting powers, qualifications, and special or relative rights or privileges of that class and of each other class of which shares are outstanding and of each series then established within any class.

## ARTICLE V

The restrictions, if any, imposed by the Articles of Organization upon the transfer of shares of stock of any class are:

None

## ARTICLE VI

**Other lawful provisions, if any, for the conduct and regulation of the business and affairs of the corporation, for its voluntary dissolution, or for limiting, defining, or regulating the powers of the corporation, or of its directors or stockholders, or of any class of stockholders:

None

**If there are no provisions state "None".
Note: The preceding six (6) articles are considered to be permanent and may ONLY be changed by filing appropriate Articles of Amendment.

APR. 11. 2002 11:45AM    GOULSTON & STORRS                    NO 8586    P. 2

April 11, 2002

Corporations Division
Office of Secretary of the
Commonwealth of Massachusetts


        The undersigned hereby consents to the use of the name "Tenants' Development
II , Limited Partnership" and "Tenants' Development II Corporation" a limited
partnership and corporation to be formed in the Commonwealth of Massachusetts.


                        Tenants' Development Corporation

                        By: _____
                        Nathaniel M. Geer, its Clerk

-1-

## SCHEDULE E

to the Representation Certificate

List of litigation, investigations, tax audits, judgments, orders or other proceedings:

GSDOCS-1170031-2

## **SCHEDULE C**

to the Representation Certificate

[Intentionally Omitted]

-13-

GSDOCS-1170031-2

## SCHEDULE D

to the Representation Certificate

A copy of the title policy for the Development Partnership Property with the Deed for the Property.

GSDOCS-1170031-2

## **SCHEDULE F**

to the Representation Certificate

A.   UCC, tax, lien, judgment and litigation searches for the Development Partnership.

B.   UCC, tax, lien, judgment and litigation searches for the Development General Partner.

GSDOCS-1170031-2

**CORPORATION SERVICE COMPANY**
www.incspot.com

CSC- Wilmington
Suite 400
2711 Centerville Road
Wilmington, DE 19808
800-927-9800
302-636-5454 (Fax)

| | | | | | |
|---|---|---|---|---|---|
| **Matter#** | SETH | **Order#** | 153261-1 | **Order Date** | 06/30/2003 |
| Additional Reference : | | NOT PROVIDED | | | |

Subject :                TENANTS' DEVELOPMENT II, LIMITED PARTNERSHIP
Jurisdiction :           Massachusetts-SECRETARY OF THE COMMONWEALTH, UCC
                         DIVISION

Request for :            UCC Debtor Search
Result :                 Records found

File Type :              Original
File Number :            144689
File Date :              03/01/1993
Current Secured Party of Record :   FEDERAL NATIONAL MORTGAGE ASSOCIATION

File Type :              Continuation
File Number :            499559
File Date :              09/25/1997
Original File Number :   144689

File Type :              Continuation
File Number :            200317379620
File Date :              01/06/2003
Original File Number :   144689

Ordered by MR. SEAN F. CONDON, ESQ. at PARAMOUNT FINANCIAL INC.

Thank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at www.incspot.com.

If you have any questions concerning this order or IncSpot,  please feel free to contact us.

Linda Snook
lsnook@cscinfo.com

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

**CORPORATION SERVICE COMPANY**
www.incspot.com

CSC- Wilmington
Suite 400
2711 Centerville Road
Wilmington, DE 19808
800-927-9800
302-636-5454 (Fax)

| | | | |
|---|---|---|---|
| **Matter#** SETH | **Order#** 153261-1 | **Order Date** | 06/30/2003 |
| Additional Reference : | NOT PROVIDED | | |

Subject :
Jurisdiction :

TENANTS' DEVELOPMENT II, LIMITED PARTNERSHIP
Massachusetts-SECRETARY OF THE COMMONWEALTH, UCC
DIVISION

Request for :  UCC Debtor Search
Result :   Records found
Thru Date :  June 30, 2003
No. of findings : 3

Original UCC Filings : 1
Amendments :  0
Continuations :  2
Assignments :  0
Releases :   0

Ordered by MR. SEAN F. CONDON, ESQ. at PARAMOUNT FINANCIAL INC.

Thank you for using CSC. For real-time 24 hour access to the status of any order placed with CSC, access our website at
www.incspot.com.

If you have any questions concerning this order or IncSpot, please feel free to contact us.

Linda Snook
lsnook@cscinfo.com

**CSC Article 9 Compliant Searching**
Under Revised Article 9, in order to conduct proper due diligence, all UCC debtor searches must be performed in both the old Article 9 and Revised Article 9
jurisdictions. CSC accepts no responsibility for omissions resulting from an incomplete search request.

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

**CORPORATION SERVICE COMPANY**
www.incspot.com



CSC- Wilmington
Suite 400
2711 Centerville Road
Wilmington, DE 19808
800-927-9800
302-636-5454 (Fax)

| | | | | | |
|---|---|---|---|---|---|
| Matter#   SETH | | Order#   153261-1 | | Order Date | 06/30/2003 |
| Additional Reference : | | NOT PROVIDED | | | |

Subject :                         TENANTS' DEVELOPMENT II, LIMITED PARTNERSHIP
Jurisdiction :                    Massachusetts-U.S. DISTRICT COURT

Request for :                     Federal Tax Lien Search
    Thru Date :                   June 30, 2003
Result :                          Clear

Ordered by MR. SEAN F. CONDON, ESQ. at PARAMOUNT FINANCIAL INC.

Thank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at www.incspot.com.

If you have any questions concerning this order or IncSpot,  please feel free to contact us.

Linda Snook
lsnook@cscinfo.com

**Article 9 Compliant Searching**
Under Revised Article 9, in order to conduct proper due diligence, all UCC debtor searches must be performed in both the old Article 9 and Revised Article 9 jurisdictions. CSC accepts no responsibility for omissions resulting from an incomplete search request.

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

**CORPORATION SERVICE COMPANY**
www.incspot.com

CSC- Wilmington
Suite 400
2711 Centerville Road
Wilmington, DE 19808
800-927-9800
302-636-5454 (Fax)

| | | | | |
|---|---|---|---|---|
| **Matter#** | SETH | **Order#** 153261-1 | **Order Date** | 06/30/2003 |
| Additional Reference : | | NOT PROVIDED | | |

Subject :          TENANTS' DEVELOPMENT II, LIMITED PARTNERSHIP
Jurisdiction :      Massachusetts-U.S. DISTRICT COURT

Request for :      Federal Judgment Search
   Thru Date :     June 30, 2003
Result :            Clear

Ordered by MR. SEAN F. CONDON, ESQ. at PARAMOUNT FINANCIAL INC.

Thank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at www.incspot.com.

If you have any questions concerning this order or IncSpot,  please feel free to contact us.

Linda Snook
lsnook@cscinfo.com

**C Article 9 Compliant Searching**
Under Revised Article 9, in order to conduct proper due diligence, all UCC debtor searches must be performed in both the old Article 9 and Revised Article 9 jurisdictions. CSC accepts no responsibility for omissions resulting from an incomplete search request.

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

**CORPORATION SERVICE COMPANY**
www.incspot.com

CSC- Wilmington
Suite 400
2711 Centerville Road
Wilmington, DE 19808
800-927-9800
302-636-5454 (Fax)

Matter#   SETH                          Order#   153261-1          Order Date      06/30/2003
Additional Reference :          NOT PROVIDED

    Subject :                       TENANTS' DEVELOPMENT II, LIMITED PARTNERSHIP
    Jurisdiction :                  Massachusetts-SUFFOLK SUPERIOR COURT

    Request for :                   Local Judgment Search
       Thru Date :                  June 30, 2003
    Result :                        Clear

Ordered by MR. SEAN F. CONDON, ESQ. at PARAMOUNT FINANCIAL INC.

Thank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at www.incspot.com.

If you have any questions concerning this order or IncSpot,  please feel free to contact us.

Linda Snook
lsnook@cscinfo.com



**CSC Article 9 Compliant Searching**
Under Revised Article 9, in order to conduct proper due diligence, all UCC debtor searches must be performed in both the old Article 9 and Revised Article 9 jurisdictions. CSC accepts no responsibility for omissions resulting from an incomplete search request.

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

**CORPORATION SERVICE COMPANY**

www.incspot.com

CSC- Wilmington
Suite 400
2711 Centerville Road
Wilmington, DE 19808
800-927-9800
302-636-5454 (Fax)

Matter#   SETH
Additional Reference :

Order#   153261-1
NOT PROVIDED

Order Date      06/30/2003

Subject :
Jurisdiction :

TENANTS' DEVELOPMENT II, LIMITED PARTNERSHIP
Massachusetts-SUFFOLK SUPERIOR COURT

Request for :
   Records Searched :
   Thru Date :
Result :

Local Defendant Suit Search
Cases
June 30, 2003
Clear

Other Names of
Interest :

TENANTS DEVELOPMENT CORPORATION

Ordered by MR. SEAN F. CONDON, ESQ. at PARAMOUNT FINANCIAL INC.

Thank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at
www.incspot.com.

If you have any questions concerning this order or IncSpot,  please feel free to contact us.

da Snook
lsnook@cscinfo.com

**CSC Article 9 Compliant Searching**
Under Revised Article 9, in order to conduct proper due diligence, all UCC debtor searches must be performed in both the old Article 9 and Revised Article 9
jurisdictions. CSC accepts no responsibility for omissions resulting from an incomplete search request.

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

**CORPORATION SERVICE COMPANY**

www.incspot.com

CSC- Wilmington
Suite 400
2711 Centerville Road
Wilmington, DE 19808
800-927-9800
302-636-5454 (Fax)

| Matter# | SETH | Order# | 153261-1 | Order Date | 06/30/2003 |
|---|---|---|---|---|---|
| Additional Reference : | | NOT PROVIDED | | | |

Subject :  TENANTS' DEVELOPMENT II, LIMITED PARTNERSHIP
Jurisdiction :  Massachusetts-U.S. DISTRICT COURT

Request for :  Federal Defendant Suit Search
   Records Searched :  Cases
   Thru Date :  June 30, 2003
Result :  Clear

Ordered by MR. SEAN F. CONDON, ESQ. at PARAMOUNT FINANCIAL INC.

Thank you for using CSC. For real-time 24 hour access to the status of any order placed with CSC, access our website at www.incspot.com.

If you have any questions concerning this order or IncSpot, please feel free to contact us.

Linda Snook
ook@cscinfo.com

**CSC Article 9 Compliant Searching**
Under Revised Article 9, in order to conduct proper due diligence, all UCC debtor searches must be performed in both the old Article 9 and Revised Article 9 jurisdictions. CSC accepts no responsibility for omissions resulting from an incomplete search request.

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

**CORPORATION SERVICE COMPANY**
www.incspot.com

CSC- Wilmington
Suite 400
2711 Centerville Road
Wilmington, DE 19808
800-927-9800
302-636-5454 (Fax)



**Matter#**   SETH                 **Order#**  153261-4          **Order Date**   06/30/2003
Additional Reference :           NOT PROVIDED

  **Subject :**            TENANTS' DEVELOPMENT II, CORPORATION
  **Jurisdiction :**       Massachusetts-U.S. DISTRICT COURT

  **Request for :**        Federal Tax Lien Search
    **Thru Date :**        June 30, 2003
  **Result :**             Clear


Ordered by MR. SEAN F. CONDON, ESQ. at PARAMOUNT FINANCIAL INC.

Thank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at www.incspot.com.

If you have any questions concerning this order or IncSpot,  please feel free to contact us.

Linda Snook
lsnook@cscinfo.com

**Article 9 Compliant Searching**
Under Revised Article 9, in order to conduct proper due diligence, all UCC debtor searches must be performed in both the old Article 9 and Revised Article 9 jurisdictions. CSC accepts no responsibility for omissions resulting from an incomplete search request.

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

**CORPORATION SERVICE COMPANY**

www.incspot.com

CSC- Wilmington
Suite 400
2711 Centerville Road
Wilmington, DE 19808
800-927-9800
302-636-5454 (Fax)

| Matter# | SETH | Order# | 153261-4 | Order Date | 06/30/2003 |
|---------|------|--------|----------|------------|------------|
| Additional Reference : | | NOT PROVIDED | | | |

| | |
|---|---|
| Subject : | TENANTS' DEVELOPMENT II, CORPORATION |
| Jurisdiction : | Massachusetts-U.S. DISTRICT COURT |

| | |
|---|---|
| Request for : | Federal Judgment Search |
| Thru Date : | June 30, 2003 |
| Result : | Clear |

Ordered by MR. SEAN F. CONDON, ESQ. at PARAMOUNT FINANCIAL INC.

Thank you for using CSC. For real-time 24 hour access to the status of any order placed with CSC, access our website at www.incspot.com.

If you have any questions concerning this order or IncSpot, please feel free to contact us.

Linda Snook
lsnook@cscinfo.com

**C Article 9 Compliant Searching**
Under Revised Article 9, in order to conduct proper due diligence, all UCC debtor searches must be performed in both the old Article 9 and Revised Article 9 jurisdictions. CSC accepts no responsibility for omissions resulting from an incomplete search request.

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

**CORPORATION SERVICE COMPANY**

www.incspot.com

CSC- Wilmington
Suite 400
2711 Centerville Road
Wilmington, DE 19808
800-927-9800
302-636-5454 (Fax)

| | | | | | |
|---|---|---|---|---|---|
| **Matter#** | SETH | **Order#** | 153261-4 | **Order Date** | 06/30/2003 |
| Additional Reference : | | NOT PROVIDED | | | |

Subject :  TENANTS' DEVELOPMENT II, CORPORATION
Jurisdiction :  Massachusetts-U.S. DISTRICT COURT

Request for :  Federal Defendant Suit Search
   Records Searched :  Cases
   Thru Date :  June 30, 2003
Result :  Clear

Ordered by MR. SEAN F. CONDON, ESQ. at PARAMOUNT FINANCIAL INC.

Thank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at www.incspot.com.

If you have any questions concerning this order or IncSpot,  please feel free to contact us.

Linda Snook
ook@cscinfo.com

**CSC Article 9 Compliant Searching**
Under Revised Article 9, in order to conduct proper due diligence, all UCC debtor searches must be performed in both the old Article 9 and Revised Article 9 jurisdictions. CSC accepts no responsibility for omissions resulting from an incomplete search request.

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

**CORPORATION SERVICE COMPANY**
www.incspot.com

CSC- Wilmington
Suite 400
2711 Centerville Road
Wilmington, DE 19808
800-927-9800
302-636-5454 (Fax)

| | | | | | |
|---|---|---|---|---|---|
| **Matter#** | SETH | **Order#** | 153261-4 | **Order Date** | 06/30/2003 |
| Additional Reference : | | NOT PROVIDED | | | |

Subject :           TENANTS' DEVELOPMENT II, CORPORATION
Jurisdiction :      Massachusetts-SUFFOLK SUPERIOR COURT

Request for :      Local Judgment Search
   Thru Date :     June 30, 2003
Result :          Clear

Ordered by MR. SEAN F. CONDON, ESQ. at PARAMOUNT FINANCIAL INC.

Thank you for using CSC. For real-time 24 hour access to the status of any order placed with CSC, access our website at www.incspot.com.

If you have any questions concerning this order or IncSpot, please feel free to contact us.

Linda Snook
lsnook@cscinfo.com



**Article 9 Compliant Searching**
Under Revised Article 9, in order to conduct proper due diligence, all UCC debtor searches must be performed in both the old Article 9 and Revised Article 9 jurisdictions. CSC accepts no responsibility for omissions resulting from an incomplete search request.

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

ON SERVICE COMPANY

CSC- Wilmington
Suite 400
2711 Centerville Road
Wilmington, DE 19808
800-927-9800
302-636-5454 (Fax)

SETH       **Order#**   153261-4     **Order Date**    06/30/2003

erence :      NOT PROVIDED

ject :          TENANTS' DEVELOPMENT II, CORPORATION
sdiction :      Massachusetts-SUFFOLK SUPERIOR COURT

juest for :      Local Defendant Suit Search
Records Searched :    Cases
Thru Date :      June 30, 2003
ult :        Clear

er Names of
rest :       TENANTS DEVELOPMENT CORPORATION        .

R. SEAN F. CONDON, ESQ. at PARAMOUNT FINANCIAL INC.

using CSC. For real-time 24 hour access to the status of any order placed with CSC, access our website at
:om.

y questions concerning this order or IncSpot, please feel free to contact us.

.e 9

'o.com

ompliant Searching
rticle 9, in order to conduct proper due diligence, all UCC debtor searches must be performed in both the old Article 9 and Revised Article 9     issions.
: accepts no responsibility for omissions resulting from an incomplete search request.

for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

# SCHEDULE G

to the Representation Certificate

Copies of Tax Credit reservation documents.

GSDOCS-1170031-2

FILE No.463 05/13 '03 14:56   ID:COMMUNITY BUILDERS      FAX:617 695 9205      PAGE   2

## U.S. Department of Housing and Urban Development

MASSACHUSETTS STATE OFFICE, NEW ENGLAND AREA
Office of Housing
Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street - Third Floor
Boston, Massachusetts 02222-1092

Fax (617) 565-6557

MAR 1 2 2003

Girma Belay
Executive Director
Tenants' Development Corporation
400 Massachusetts Avenue
Boston, MA  02115

Dear Mr. Belay:

SUBJECT:   Section 236(e)(2) Approval
           Project Name:  SETH II
           Project No.:   023-44188
           Location:      Boston, MA

     This is written as our approval of your November 14, 2001
proposal (as revised) to recapitalize and preserve the
affordability of South End Tenants Houses II (SETH II) through
Section 236(e)(2) decoupling.  This includes retaining the
Interest Reduction Payments Contract to facilitate the
rehabilitation of SETH II for extended affordability.

     You have also requested approval of a Section 8 Mark-Up-
to-Market rent increase and a 20-year Housing Assistance
Payments contract renewal.  The Massachusetts Housing Finance
Agency (MassHousing), as contract administrator for HUD, has
reviewed your Mark-Up-to-Market proposal and has processed the
Section 8 rent increase in accordance with the Section 8
Renewal Guide.  Our office has concurred with their
recommendation and we have advised them to prepare a 20-year
contract and provide you with written approval of the rent
increase.

     SETH II is a 185-unit FHA-Insured Section 236 project
located in Boston, Massachusetts.  The new owner, TDC II
Limited Partnership, intends to preserve the property as
affordable housing through December 2020, pursuant to Section
236(e)(2) of the National Housing Act, as amended, and as
implemented by HUD Notice H00-8.

     MassHousing will provide financing through a $22,793,000
Risk Sharing loan (consisting of $18,043,000 of tax-exempt debt
and $4,750,000 of taxable debt) and a $2,182,000 IRP Note.  The
retained Interest Reduction Payments will finance the IRP Note.
MassHousing will then enter into a new Agreement for Interest
Reduction Payments and perform oversight functions as the
approved Public Agency.  In addition to the MassHousing loans,
additional sources available for funding the acquisition and

rehabilitation of the property will include the syndication of a Massachusetts Department of Housing and Community Development (DHCD) allocation of 4% Low Income Housing Tax Credits (LIHTCs) and a $3,000,000 TDC Acquisition Note.

The project currently has 172 units that are assisted under a Housing Assistance Payments (HAP) contract. It is proposed that the Housing Assistance Payments contract be assigned and assumed by the new owner. The remaining 13 units will not be impacted by this transaction, thus enhanced vouchers will not be necessary. In addition, there will be no relocation or voluntary displacement as a result of this transaction.

The new owner will complete $19,818,202 in repairs and upgrades, as outlined in the Statement of Sources and Uses (revised October 23, 2002).

The decoupling proposal does not request an increase in the Section 236 Basic and Market rents. The HUD-approved rent levels are as follows:

| Unit Type | Section 236 Basic Rent | Section 236 Market Rents | Section 8 Rents * |
|-----------|------------------------|--------------------------|-------------------|
| 0 BR | $692 | $773 | $1199 |
| 1 BR | $773 | $863 | $1407 |
| 2 BR | $945 | $1055 | $1945 |
| 3 BR | $1314 | $1467 | $2186 |
| 4 BR | $1529 | $1708 | $2691 |
| 5 BR | $1740 | $1943 | $3078 |

*Section 8 rents approved through Mark Up to Market program.

HUD approval of the decoupling transaction is conditioned on the following:

1. The project must enter into use restrictions prescribed by Section 236(e)(2) and the LIHTC program. The new owner and HUD must execute a Use Agreement consistent with the requirements of Section 236(e)(2), in the format required by HUD Notice 00-8. The Section 236 (e)(2) Use Agreement shall be recorded against the property in a superior position to any financing that may be placed on the property pursuant to the Section 236(e)(2) transaction. Further, the Section 236(e)(2) use restriction shall not be terminated before its duration should there be a default or foreclosure under the financing provided for this transaction.

2. The new owner, the mortgagee and HUD must execute an IRP Agreement, in a format approved by HUD. We have reviewed the draft IRP Agreement that was provided to our office on January 24, 2003 and have found it acceptable.

3. HUD must approve the Assignment of HAP to the new owner.

2

4.   HUD must grant approval of the proposed management agent,
     The Community Builders.

        If you have any questions, please contact Teresa Cline at
(617)994-8534.

                              Very sincerely yours,

                              Ellen R. Connolly
                              Director
                              New England Multifamily HUB

cc:  Adam Shyevitch, The Community Builders
     William H. Grogan, Goulston and Storrs

3

# Section 1
# PROJECT DESCRIPTION

## Name and Address of Project

| | |
|---|---|
| 1 . Project Name: | SETH II |
| 1a . Application Completed By: | Adam Shyevitch |
| 1b . Original Application Date: | 11/13/01    Application Revision Date:    5/16/03 |

2 . Project Address: | 36 Scattered Site Buildings, See Exhibit 1
3 . Neighborhood | South End
4 . City/ Town | Boston | MA | 02118
| | | *(state)* | *(zip code)*

5 . County    **SUFFOLK**

6    Scattered Sites?    Yes
*Please include a list of addresses in Exhibit 1.*

7 . Is this a qualified census tract?    Yes    Select A QCT    0708.00

8 . Difficult to develop area    yes    **QCT information last updated on:**    10/23/2002

## Development Plan

9 . Development Type (Please check all that apply.)

| | |
|---|---|
| No | New construction |
| Yes | Acquisition, substantial rehab of existing housing |
| No | Acquisition, moderate rehab of existing housing |
| No | Acquisition, minimal or no rehab of existing housing |
| No | Adaptive re-use of non-residential structure |

10 . Proposed Housing Type    Rental (except SRO or Assisted Living, see below)

11 . **Project Description:**    Number of buildings:    36

Rehabilitation of 185 scattered site rental units of affordable housing controlled by Tenants' Development Corporation (TDC), a tenant-controlled not-for-profit organization that serves as property manager and general partner for this development  These properties include some of the few remaining units of affordable, low-rise rental housing in the South End  Rehabilition will include structural envelope, mechanical systems, and the units themselves. This project represents the first phase of a two part effort to

12 . **Development Schedule:**

| | Original | Revised | Optional user comments |
|---|---|---|---|
| Application Date | 11/13/01 | | Thirty-Six Buildings in 12 phases |
| Construction Loan Closing | April 30, 2002 | 6/1/2003 | |
| Initial Loan Closing (MHFA only) | April 30, 2002 | 6/1/2003 | |
| Construction Start | April 30, 2002 | 6/1/2003 | |
| 50% Construction Completion | July 30, 2003 | 3/1/2004 | |
| Construction Completion | October 30, 200 | 12/1/2004 | |
| First Certificate of Occupancy | July 30, 2002 | 9/1/2003 | |
| Final Certificate of Occupancy | October 30, 200 | 12/1/2004 | |
| Sustained Occupancy | October 30, 200 | 12/1/2004 | |
| Permanent Loan Closing | October 30, 200 | 12/1/2004 | |

*SETH II*    *Application Date: 11/13/01    Revised Date  5/16/03*
© Massachusetts Housing Investment Corporation, 1993, 1994, 1995, 1999 in its own name and on behalf of MHFA, DHCD, and the MHP Fund.   All rights reserved.

**13 . Unit Mix:**

| | Low-Income Rental Assisted | Low-Income below 50% | Low-Income below 60% | Other Income (User-defined) | Market Rate | Total Units |
|---|---|---|---|---|---|---|
| 0 bedroom | 13 | | | 6 | 1 | 20 |
| 1 bedroom | 57 | | | 6 | 5 | 68 |
| 2 bedrooms | 67 | | | | 6 | 73 |
| 3 bedrooms | 6 | | | 1 | 1 | 8 |
| 4 bedrooms | 10 | | | | 2 | 12 |
| 5 bedrooms | 4 | | | | | 4 |
| **Total Units** | 157 | 0 | 0 | 13 | 15 | 185 |
| Home Units* | | | | | | 0 |

*HOME units included in the above totals.   Other Income=Below [ ] of median income

**14 . Unit Size in square feet**

| | Low-Income Rental Assisted | Low-Income below 50% | Low-Income below 60% | Other Income (User-defined) | Market Rate | Average All Incomes |
|---|---|---|---|---|---|---|
| 0 bedroom | 500.0 | | | 500.0 | 500.0 | 500 |
| 1 bedroom | 700.0 | | | 700.0 | 700.0 | 700 |
| 2 bedrooms | 900.0 | | | | 900.0 | 900 |
| 3 bedrooms | 1100.0 | | | 1100.0 | 1100.0 | 1,100 |
| 4 bedrooms | 1300.0 | | | | 1300.0 | 1,300 |
| 5 bedrooms | 1500.0 | | | | 1500.0 | 1,500 |

**15   Number of bathrooms in each unit:**

| | Low-Income Rental Assisted | Low-Income below 50% | Low-Income below 60% | Other Income (User-defined) | Market Rate | Average All Incomes |
|---|---|---|---|---|---|---|
| 0 bedroom | 1.0 | | | 1.0 | 1.0 | 1.0 |
| 1 bedroom | 1.0 | | | 1.0 | 1.0 | 1.0 |
| 2 bedrooms | 1.0 | | | | 1.0 | 1.0 |
| 3 bedrooms | 1.5 | | | 1.5 | 1.5 | 1.5 |
| 4 bedrooms | 1.5 | | | | 1.5 | 1.5 |
| 5 bedrooms | 2.0 | | | | 2.0 | 2.0 |

**16 . Funding Applied For:**

Please check all the funding that is being applied for at this time, with this application:

| | |
|---|---|
| DHCD Tax Credit Allocation . ................... . . . | No |
| Category ....... . . . . . ........... | Not Applicable |
| Category ..... . ....... . | Not Applicable |

| | |
|---|---|
| HOME Funding through DHCD .. . ............. .. | No |

Massachusetts Housing Finance Agency (select all that apply):

| | |
|---|---|
| Official Action Status ...... ................................ | No |
| Construction Financing/Bridge Financing........................ | Yes |
| Permanent Financing ........... ... .................. . ... | Yes |

Massachusetts Housing Partnership (MHP) Fund:

| | |
|---|---|
| Permanent Rental Financing Program ............. | No |

Massachusetts Housing Investment Corporation (select all that apply):

| | |
|---|---|
| Debt Financing ......... .. . .. ............... ...................... | No |
| Tax Credit Equity Investment .................. ................ | No |

| | |
|---|---|
| Boston Department of Neighborhood Development (DND): | No |

| | |
|---|---|
| Other | No |

| | |
|---|---|
| Other......... ............ ............ | N/A |
| Other...... ....... ... .......... .............. | N/A |
| Other. .... .............. ........... ............ | N/A |

| 17 . Number of buildings planned | Total | New Construction | Rehabilitation |
|---|---|---|---|
| a. Single-Family | 0 | | |
| b. 2-4 Family | 0 | | |
| c. Townhouse | 0 | | |
| d. Low/Mid rise | 36 | | 36 |
| e. High-rise | 0 | | |
| f. Other | 0 | | |
| TOTAL | 36 | 0 | 36 |

18   Number of units:     185                               185

**19 . Gross Square Footage**

| | | | |
|---|---|---|---|
| a. Residential | 182,981 | | 182,981 |
| b. Commercial | - | | |

**20 . Net Rentable Square Footage:**

| | Total | | Percent of Gross |
|---|---|---|---|
| a. Residential | 153,700 | s.f. | 84% |
| b. Commercial | | s.f. | N/A |

21 . Number of handicapped accessible units  [          ]  Percent of total   0%

22 . Fire Code Type        Concrete frame

23 . Will building(s) include elevators?        No

24   Are the following provided with the housing units:

| | | Gas or electric: Gas |
|---|---|---|
| a. Range? ........ | Yes | |
| b. Refrigerator? .............. | Yes | |
| c. Microwave? ...................... | No | |
| d. Dishwasher? .................... | No | |
| e. Disposal? . . | No | |
| f. Washer/Dryer Hookup? | No | |
| g  Washer & Dryer? .. | No | |
| h. Wall-to-wall Carpet? . . . | No | |
| i. Window Air Conditioner? | No | |
| j. Central Air Conditioning? . | No | |

*Optional user comments*
Some bigger units will have washer-dryer hook ups.

25   Are the following included in the rent:

| | |
|---|---|
| a. Heat? ............................ | Yes |
| b. Domestic Electricity? . . | Yes |
| c. Cooking Fuel? .................. | Yes |
| d. Hot Water? ....................... | Yes |
| e. Central A/C, if any? ... ...... | No |

26 . Type of heating fuel:        [          ]

27 . Total no. of parking spaces:    0    Outdoor:    0    Enclosed:    0

28   Number of parking spaces exclusively for the use of tenants:

| | | | | |
|---|---|---|---|---|
| a. Residential | Total: | 0 | Outdoor: | Enclosed: |
| b. Commercial | Total: | 0 | Outdoor: | Enclosed: |

29 . Will rehabilitation require the relocation of existing tenants? | Yes
*Please include relocation plan as Exhibit 13.*

30 . Scope of rehabilitation: Please describe the following (or type N/A).

a. Major systems to be replaced:

> Mechanical, electrical, and heating distribution need upgrade. 75% of units neeed new kitchens. 85% need new bathrooms. All units need wall patching and painting.

b. Substandard conditions and structural deficiencies to be repaired:

> Building envelope & windows, roofs, wood frame dormers, and masonry, hard wood floors, stairs, including tread and rails; new entry systems consistent with Landmark Commission requirements

c. Special features/adaptations for special needs clients to be housed:

> A strict interpretation of MAAB requirements would require the conversion of nine units to fully accessible, and common entry upgrades at some of the buildings. We anticipate seeking a variance for distribution based on best access.

31 . Are energy conservation materials in excess of the Building Code?

| | | |
|---|---|---|
| a. | Insulation ..... .... | No |
| b | Windows ........................ . | No |
| c | Heating system . . . | No |

## Information On Site And Existing Buildings

| | | *Square Feet* | *Acres* |
|---|---|---|---|
| 32 . | Size of Site: | scattered | |
| 33 . | Wetlands area: | 0 | |
| 34 . | Buildable area: | all | |

**Existing Conditions:**

35   What is the present use of the property? | Residential

36 . Number of existing structures: | 36

37   Gross s.f of existing structures: | 182,981

38 . If rehabilitation.

| | number of units | num. of bedrooms |
|---|---|---|
| a. Number of existing residental units/bedrooms | 185 | 277 |
| b. Number of units/bedrooms currently occupied: | 178 | 267 |

39 . If site includes commercial space:

a. Square footage of existing commercial space: | 0 | square feet

b. Square footage currently occupied: | 0 | square feet

40 . What are the surrounding land uses? | Primarily Residential and Neighborhood retail

**Utilities:**

41 . Are the following utilities available on the site:

| | | |
|---|---|---|
| a. Sanitary sewer? | Yes | |
| b Storm sewer? | Yes | |
| c. Public water? | Yes | |
| d. Electricity? | Yes | |
| e. Gas? | Yes | |

If any of the above are not available, is plan attached explaining how such service will be extended to the site? | N/A

**Zoning:**

*Please include information on the property zoning in Exhibit 3. This should include a zoning map, highlighting any special use or dimensional restrictions on the property. If the present zoning does not allow for the proposed use, please explain current status and how approvals will be obtained.*

42 . Does the present zoning allow the proposed development?    Yes

43 . Have you applied for a zoning variance, change, special permit or subdivision?    N/A

44 . Do you anticipate applying for a comprehensive permit under Chapter 77    N/A

**Site Control:**

45 . What form of site control do you have?

*Include copies of the appropriate site control documents as part of Exhibit 4.*

46 . Please provide details about your site control agreement.
   a. Name of Seller:
   b. Principals of seller corporation:
   c. Type of Agreement:
   d. Agreement Date:
   e. Expiration Date:
   f. Purchase price if under agreement
   g.  Is there any identity of interest between buyer and seller?

47 . In the past three years, have there been any defaults on any mortgage on the property or any other forms of financial distress?    No

48    Are there any outstanding liens on the property?    No

**Amenities and Services:**

49 . Please indicate distance from site and locate on city/town map (Exhibit 1).

| | Distance | |
|---|---|---|
| a.  Shopping facilities ............ ......... | 0.25 | miles |
| b.  Schools ............... ...        . ... | 0.25 | miles |
| c.  Hospitals ........................... ......... | 0.50 | miles |
| d.  Parks and recreational facilities ...... . ..... | 0.25 | miles |
| e.  Police station    .          ............... . | 0.75 | miles |
| f.  Fire station ... .  ..     .......... | 0.50 | miles |
| g.  Public transportation .........  ............... | 0.01 | miles |
| h.  Houses of worship ......... . ...................... | 0.25 | miles |
| i.  City/Town Hall .................   .................... | 2.00 | miles |

## Environmental Information

50 . Is there any evidence of underground storage tanks or releases of oil or hazardous materials, including hazardous wastes, on the site or within close proximity to the site?
$\boxed{\text{No}}$

51 . Has a Chapter 21E assessment been performed?
*Please include a copy as Exhibit 2*
$\boxed{\text{Yes}}$

52 . Does the project consist of either: (a) new construction of more than 100 units; or (b) substantial rehabilitation of more than 200 units, or where more than 10% new floor space is added?
$\boxed{\text{No}}$

53 . Does the building require lead paint abatement?
*Lead inspection and a plan for abatement are required and should be included in Exhibit 2. Include information on how the budget will cover expense of deleading all units, except SRO's.*
$\boxed{\text{Yes}}$

54 . Does the building require asbestos abatement?
*An asbestos report and a plan for abatement are required and should be included in Exhibit 2*
$\boxed{\text{Yes}}$

55 . Do radon tests show radon levels exceeding four picocuries/liter?
$\boxed{\text{No}}$

56 . Is there any evidence that the premises are insulated with urea formaldehyde foam (UFFI)?
$\boxed{\text{No}}$

57 . Is the site located in an historic district, or contain buildings listed or eligible for listing in the State Register of Historic Places?
*A letter of approval from the local or Massachusetts Historical Commission is required prior to commitment or closing*
$\boxed{\text{Yes}}$

58 . Are there any above ground storage containers with flammable or explosive petroleum products or chemicals within 1/2 mile of the site?
$\boxed{\text{Yes}}$

59 . Is the site located in a floodplain or wetlands area?
$\boxed{\text{No}}$

60 . Does the site contain endangered animal or plant species?
$\boxed{\text{No}}$

61 . Is the site subject to noise impact from jet airports within five miles, major highways within 1,000 feet, or rail traffic within 3,000 feet?
$\boxed{\text{Yes}}$

---

*SETH II*                    *Application Date: 11/13/01*        *Revised Date 5/16/03*

## Section 2
# DEVELOPMENT TEAM SUMMARY

**62 . Developer/Sponsor Type** | Limited dividend partnership

**63 . Developer/Sponsor:**

| | |
|---|---|
| Form of Legal Entity | 501(c)(3) Nonprofit Corporation |
| Legal Name | Tenants' Development Corporation |
| Address | 400 Massachusetts Avenue |
| | Boston, MA  02115 |
| Contact Person | Girma Belay |
| Telephone No. / Fax. No. | (617) 247-3988 / 247-3979 |
| E-mail | tdcseth1@earthlink.net |

**64 . Owner/Mortgagor:**

| | |
|---|---|
| Legal Name | TDC II Limited Partnership |
| Address | c/o Tenants' Development Corporation |
| | 400 Massachusetts Ave., Boston, MA  02115 |
| Has this entity already been formed? | No |
| Principals | |
| Principals | |
| Contact Person | Girma Belay, Tenants Development Corporation, Exec. Dir. |
| Telephone No. / Fax. No. | (617) 247-3988 / 617-247-3979 |
| E-mail | tdcseth1@earthlink.net |

**65 . General Partner:**

| | |
|---|---|
| Legal Name | TDC II, Inc. |
| Address | 400 Massachusetts Avenue |
| | Boston, MA  02115 |
| Has this entity already been formed? | No |
| Principal (if corporate) | |
| Contact Person | Girma Belay |
| % of Ownership | |
| Telephone No. / Fax. No. | (617) 247-3988 / 617-247-3979 |
| E-mail | tdcseth1@earthlink.net |

**66 . General Partner:**

| | |
|---|---|
| Legal Name | |
| Address | |
| Has this entity already been formed? | No |
| Principal (if corporate) | |
| Contact Person | |
| % of Ownership | |
| Telephone No. / Fax. No. | |
| E-mail | |

---

*SETH II*                   *Application Date: 11/13/01     Revised Date: 5/16/03*

IC16348

**16348**                    **5**

| | |
|---|---|
| **Property Name** | **South End Tenant's Housing II - Boston, MA** |
| **Document Name** | **CB__Representation Certificate of the Managing General Partne** |
| **Document Date** | **6/20/03** |
| **DocumentTypeDescription** | **Equity Doc – Closing Binder** |
| **Document Type** | **Equity Doc – Closing Binder** |
| **Collaborative** | |
| **Existing Doc ID** | |
| **Version** | **FINAL** |

BEST AVAILABLE COPY

**HEADER**

**User : DCAW**