**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

AMTAX HOLDINGS 227, LLC, and
TAX CREDIT HOLDINGS III, LLC,

Plaintiffs,

v.

TENANTS' DEVELOPMENT II CORPORATION, and
TENANTS DEVELOPMENT CORPORATION,

Defendants.

Case No. 1:20-cv-10911-LTS

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'**
**"MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO CONSOLIDATE"**

Plaintiffs AMTAX HOLDINGS 227, LLC ("AMTAX") and TAX CREDIT HOLDINGS III, LLC oppose the motion of Defendants' Tenants' Development II Corporation (the "General Partner") and Tenants Development Corporation ("TDC") to dismiss this case or, in the alternative, to consolidate it with *Tenants' Development Corp., et al. v. AMTAX Holdings 227, LLC, et al.*, No. 1:20-cv-10902 (D. Mass.) (the "TDC-Filed Action"). Defendants' motion must be denied or at least held in abeyance because the General Partner and TDC have not established the fundamental premise on which the motion is predicated: that the TDC-Filed Action is in fact the "first-filed" action. The defendants in the TDC-Filed Action filed a motion to dismiss that action yesterday, June 3, 2020, asserting that the Court lacks subject-matter jurisdiction over the TDC-Filed Action for the reasons set forth in their motion to dismiss the TDC-Filed Action (Dkt. Nos. 13-14 in the TDC-Filed Action). The "first-to-file rule" thus does not apply, since the TDC-Filed Action is not properly before this Court, and the instant action is therefore the first-filed action and should remain pending before the Court.

## FACTUAL BACKGROUND

This action concerns efforts by the General Partner—the general partner in nonparty Tenants' Development II, L.P. (the "Partnership"), a limited partnership formed in connection with the federal Low Income Housing Tax Credit ("LIHTC") program—to unilaterally, improperly, and without proper notice grant its own parent company, TDC, a right of first refusal to acquire the improved real property owned by the Partnership at a price substantially below fair market value, and TDC's subsequent efforts to exercise those purported rights, all without the knowledge, authorization, or consent of Plaintiffs, the limited partners in and majority owners of the Partnership. *See generally* Compl. (ECF No. 1). Plaintiffs filed their Complaint in this case on May 12, 2020, properly alleging federal-question jurisdiction under 28 U.S.C. § 1331 and 1340, as Plaintiffs' claims necessarily involve substantial questions of federal law and the interpretation of specific sections of the Internal Revenue Code, including Section 42(i)(7). *See id.* ¶¶ 17-19.

Also on May 12, 2020, Defendants herein filed a separate complaint in the TDC-Filed Action against AMTAX and other defendants who are not parties to this action, alleging, among other things, that (1) TDC validly exercised the alleged right of first refusal, and (2) TDC is entitled to purchase the improved real property from the Partnership. *See generally* TDC-Filed Action, Compl. (Dkt. No. 1). Although the two actions arise from the same general set of circumstances, they contain very different factual allegations and claims. Most significantly for purposes of the present motion, in the TDC-Filed Action, Defendants herein (the plaintiffs in the TDC-Filed Action) only allege diversity jurisdiction under 28 U.S.C. § 1332. *See id.* ¶ 9. They do not assert federal-question jurisdiction under 28 U.S.C. § 1331, nor do they make factual

allegations or raise necessary questions under federal law in support of federal-question jurisdiction, as do Plaintiffs herein.

On June 3, 2020, the defendants in the TDC-Filed Action moved to dismiss that case on the grounds that the Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332, because there is not complete diversity. *See* Defs.' Mot. to Dismiss and Mem. in Support of Mot. to Dismiss, TDC-Filed Action (Dkt. Nos. 13-14). Specifically, the defendants in the TDC-Filed Action have shown that one member of both defendant limited liability companies in the TDC-Filed Action is a citizen of the Commonwealth of Massachusetts, which makes both defendants Massachusetts citizens for purposes of analyzing whether there is complete diversity of citizenship. *See id.* Because both plaintiffs in the TDC-Filed Action also are Massachusetts citizens, there is no diversity of citizenship; thus this Court lacks subject-matter jurisdiction over the TDC-Filed Action. *See id.*

**ARGUMENT**

Defendants base their motion to dismiss or consolidate solely on the fact that the TDC-Filed Action was filed before this case, albeit within hours on the same day, and arises from the same set of circumstances and involves many of the same parties.[1] However, the "first-to-file rule" favors deference to "the court that first had *jurisdiction* to resolve the [overlapping] issues." *TPM Holdings v. Intra-Gold Indus.*, 91 F.3d 1, 4 (1st Cir. 1996) (emphasis added); *see also, e.g., Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) (court with "prior *jurisdiction* over the common subject matter" should resolve issues presented in related actions) (emphasis added). Here, Defendants failed to properly allege subject-matter

[1] Although defendants' motion does not constitute a responsive pleading or motion under Fed. R. Civ. P. 12(b), Plaintiffs have agreed as part of the parties' Local Rule 7.1 conference to stipulate that Defendants need not file a further responsive pleading until the instant motion is decided in conjunction with the motion to dismiss filed by the plaintiffs in the TDC-Filed Action.

jurisdiction in the TDC-Filed Action. *See* Defs.' Mem. in Support of Mot. to Dismiss, TDC-Filed Action (Dkt. No. 14). Moreover, Defendants have raised no objection to Plaintiffs' assertion of federal-question jurisdiction in this case. Accordingly, this Court's jurisdiction over the overlapping issues presented by the two cases first arises under Plaintiffs' claims in *this* case, not under Defendants' claims in the TDC-Filed Action.

It is not enough to save the plaintiffs' claims in the TDC-Filed Action to argue that Plaintiffs' claims in this case, which properly support federal-question jurisdiction, could be brought as counterclaims in the TDC-Filed Action. It is well settled that a federal question must appear within the four corners of a plaintiff's complaint, and that federal-question jurisdiction cannot rest solely on federal issues presented in a counterclaim or in an anticipated defense. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112-13 (1936)). Because a federal question has been pled by Plaintiffs in this case, and because Defendants have not properly alleged that this Court has subject-matter jurisdiction over the TDC-Filed Action, it is Plaintiffs' Complaint in this case that must control.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) deny Defendants' "Motion to Dismiss or, in the Alternative, to Consolidate" or alternatively hold it in abeyance until such time as the Court rules on the pending "Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Lack of Personal Jurisdiction Over Alden Torch Financial LLC" in the TDC-Filed Action; and/or (2) dismiss the TDC-Filed Action for lack of subject-matter jurisdiction and in favor of this case, which is the first-filed action properly before this Court.

Respectfully submitted,

Dated: June 4, 2020

**NIXON PEABODY LLP**

*/s/Stephen M. LaRose*__________________
Stephen M. LaRose (BBO # 654507)
Christopher E. Queenin (BBO # 682736)
Exchange Place
53 State Street
Boston, MA 02109
Tel: 617-345-1000
Fax: 617-345-1300
slarose@nixonpeabody.com
cqueenin@nixonpeabody.com

and

Louis E. Dolan, Jr. (*pro hac vice*)
Brian P. Donnelly (*pro hac* request forthcoming)
799 9th Street, N.W., Suite 500
Washington, DC 20001
Tel: 202-585-8818
Fax: 866-947-3760
ldolan@nixonpeabody.com
bdonnelly@nixonpeabody.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all parties registered for electronic notification via the Court's electronic filing system on June 4, 2020.

*/s/Stephen M. LaRose*_________________
Stephen M. LaRose (BBO # 654507)